# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GILBERTO CARRILLO,

    Petitioner,

vs.

RENEE BAKER, et al.,

    Respondents.

Case No. 2:13-cv-01244-JAD-NJK

**ORDER**

The court directed petitioner either to file an application to proceed <u>in forma pauperis</u> or to pay a filing fee of three hundred fifty dollars ($350.00). Order (Doc. 3). At the time, it was unclear what type of action petitioner was trying to pursue. Petitioner has submitted an application to proceed <u>in forma pauperis</u> (#4) and a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which means that the filing fee is five dollars ($5.00). Nonetheless, petitioner is unable to pay the filing fee. The court has reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner needs to show cause why the court should not dismiss this action as untimely.

Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If the judgment is not appealed, then it becomes final thirty days after entry, when the time to appeal to the Nevada Supreme Court has expired. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012). *See also* Nev. R. App. P. 4(b), 26(a). Any time spent pursuing a properly filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. *Jefferson v. Budge*, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005). An untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). Section 2244(d) is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 649 (quoting Pace, 544 U.S. at 418). Actual innocence can excuse operation of the statute of limitations. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Id. (quoting Schlup v. Delo, 515 U.S. 298, 329 (1995)). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). "In cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." Id. at 624. The petitioner effectively files a federal petition when he mails it to the court. *Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). The court can raise the issue of timeliness on its own motion. *Day v. McDonough*, 547 U.S. 198, 209 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

In state district court, petitioner and three co-defendants were charged with conspiracy to commit murder, murder with the use of a deadly weapon, conspiracy to commit first-degree kidnaping with the use of a deadly weapon, first-degree kidnaping with the use of a deadly weapon, conspiracy to commit robbery with the use of a deadly weapon, robbery with the use of a deadly weapon, and possession of a stolen vehicle. After one of the co-defendants agreed to testify against petitioner and the other co-defendants, petitioner negotiated a plea agreement with the prosecution. Petitioner agreed to plead guilty to first-degree murder, with no enhancement for the use of a deadly weapon, and first-degree kidnaping with the use of a deadly weapon. The judgment of conviction was filed on September 6, 2007. Petitioner did not appeal. The judgment became final on October 8, 2007, when the time to appeal expired, taking into account that the deadline otherwise would have fallen on a Saturday.

Petitioner filed no collateral challenges to his judgment of conviction in the next year, and the one-year period of § 2244(d)(1) expired at the end of October 8, 2008.

Petitioner filed two post-conviction habeas corpus petitions in state district court, the first on August 14, 2009, and the second on March 3, 2012. The state district court dismissed them both as untimely pursuant to Nev. Rev. Stat. § 34.726(1). Petitioner appealed both dismissals. The Nevada Supreme Court consolidated the appeals. On June 13, 2013, that court determined that each petition was untimely pursuant to Nev. Rev. Stat. § 34.726(1). Remittitur issued on July 8, 2013.

Petitioner commenced this action on July 12, 2013, with a notice of appeal that raised no grounds. He mailed the current petition on June 2, 2014.

On its face, the petition is untimely. The one-year period expired on October 8, 2008. The two state habeas corpus petitions did not toll the period for two reasons. First, they were ineligible for tolling under § 2244(d)(2) because they were untimely. *Pace*, 544 U.S. at 417. Second, even if they were eligible for tolling, the one-year period already had expired, and no time was left to be tolled. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001).

Petitioner argues in the petition that he is actually innocent, but the facts that he alleges do not support the argument. He argues that the police found the body due to an illegal search of a

motel room. He also argues that the circumstances indicated self-defense, not murder. These are arguments about the legal sufficiency of the conviction; they are not arguments for actual innocence.

Petitioner has submitted a motion for the appointment of counsel (Doc. 5). Whenever the court determines that the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking habeas corpus relief. 18 U.S.C. § 3006A(a)(2)(B). "[T]he district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952 (9th Cir. 1983). There is no constitutional right to counsel in federal habeas proceedings. *McCleskey v. Zant*, 499 U.S. 467, 495 (1991). The factors to consider are not separate from the underlying claims, but are intrinsically enmeshed with them. *Weygandt*, 718 F.2d at 954. After reviewing the petition, the court concludes that appointment of counsel is not warranted.

Petitioner has submitted a motion for evidentiary hearing (#6). The court finds that an evidentiary hearing is not necessary, and the court denies the motion.

**IT IS THEREFORE ORDERED** that the application to proceed *in forma pauperis* (Doc. 1) is **GRANTED**. Petitioner need not pay the filing fee of five dollars ($5.00).

**IT IS FURTHER ORDERED** that the clerk of the court shall file the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**IT IS FURTHER ORDERED** that the motion for the appointment of counsel (Doc. 5) is **DENIED**.

**IT IS FURTHER ORDERED** that the motion for evidentiary hearing (Doc. 6) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner shall have 30 days from the date of entry of this order to show cause why the court should not dismiss this action as untimely. Failure to comply with this order will result in the dismissal of this action.

**IT IS FURTHER ORDERED** that the clerk shall add Catherine Cortez Masto, Attorney General for the State of Nevada, as counsel for respondents.

**IT IS FURTHER ORDERED** that the clerk shall electronically serve upon respondents a copy of the petition and this order. Respondents' counsel shall enter a notice of appearance herein within 20 days of entry of this order, but no further response shall be required from respondents until further order of the court.

Dated: September 25, 2014.

_____
JENNIFER A. DORSEY
United States District Judge