# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| GILBERTO CARRILLO, | Case No. 2:13-cv-01244-JAD-NJK |
|     Petitioner | |
| vs. | **Order Dismissing Untimely Petition** |
| RENEE BAKER, et al., | |
|     Respondents | |

The court directed petitioner to show cause why this action should not be dismissed as untimely. Order (ECF 7). Petitioner has submitted a response (ECF 12). The court is not persuaded, and the court dismisses this action.

**A.    No equitable tolling**

Petitioner argues that the court should equitably toll the period of limitation for two reasons: (1) he instructed trial counsel to appeal, but counsel never filed a notice of appeal, and (2) counsel did not send him his case file despite repeated requests and then motions in the state district court. Minutes of the state district court indicate that counsel definitely sent, and petitioner received, the case file soon after June 15, 2009. *State v. Carillo*, Case No. 05C215652-1.[1]

The court will consider only the argument related to counsel sending petitioner his case file because petitioner would have learned that counsel had not filed a direct appeal no later than the date petitioner received his case file. Petitioner then filed his post-conviction habeas corpus petition in state district court approximately two months later, on August 14, 2009. Minutes of the state district court indicate that on June 16, 2010, that court scheduled an evidentiary hearing to determine whether petitioner could show good cause to overcome the one-year time bar of

---

[1] https://www.clarkcountycourts.us/Anonymous/CaseDetail.aspx?CaseID=7524311 (report generated October 13, 2015). Petitioner's name is spelled differently in the state-court records.

1

Nev. Rev. Stat. § 34.726(1).  The state district court held the hearing, determined that petitioner did not show good cause, and dismissed the petition as untimely.  The state district court entered its order on December 1, 2011.  Petitioner appealed, and the Nevada Supreme Court affirmed for the same reason.

Petitioner has not shown the diligence required for equitable tolling.  He learned no later than June 16, 2010, that he had a problem with the timeliness of his state habeas corpus petition.  If, as actually happened, the Nevada Supreme Court ultimately decided that the petition was untimely, all the time spent on that state habeas corpus petition would not be tolled under § 2244(d)(2).  *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).  The Supreme Court of the United States anticipated that problem and stated that a person in petitioner's situation needs to file a protective petition in federal court and to seek a stay of that petition.  *Id*. at 416 (citing *Rhines v. Weber*, 544 U.S. 269 (2005)).  Nothing stopped petitioner from filing that protective federal petition in this court.  He still would have had a problem with the timeliness of the federal petition, but at least he would have shown diligence in acting promptly once he realized that the problem existed.  Instead, petitioner waited more than three years before commencing this action without a petition, and then almost another year passed before petitioner mailed the petition to the court on June 2, 2014.  Petitioner has not acted diligently, and thus equitable tolling is not warranted.

**B.     No certificate of appealability**

To appeal the denial of a petition for a writ of habeas corpus, a petitioner must obtain a certificate of appealability after making a "substantial showing of the denial of a constitutional right":

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward:  The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds.  We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

1  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077-79
2  (9th Cir. 2000); 28 U.S.C. §2253(c).  Reasonable jurists would not find debatable this court's
3  determination that equitable tolling is not warranted, and the court will not issue a certificate of
4  appealability.

**C.     Conclusion**

IT IS THEREFORE ORDERED that this action is **DISMISSED with prejudice** because it is untimely.  The clerk of the court is directed to **enter judgment accordingly and close this case.**

IT IS FURTHER ORDERED that **a certificate of appealability is DENIED**.

DATED: 10/13/15

_____
JENNIFER A. DORSEY
United States District Judge